# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 16, 2026

Lyle W. Cayce
Clerk

_____

No. 24-60644

_____

SURJIT SINGH; SANTOKH SINGH; SATVINDER KAUR,

*Plaintiffs—Appellants*,

*versus*

THE CITY OF GREENVILLE, MISSISSIPPI; MARTAVIS MOORE, *Police Officer for City of Greenville, Mississippi*; CARL NICHOLS, *Chief Fire Marshal for City of Greenville, Mississippi*,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:22-CV-195

_____

Before JONES, DUNCAN, and DOUGLAS, *Circuit Judges*.

PER CURIAM:[*]

We have reviewed the briefs, district court opinion, and pertinent portions of the record and find no reversible error.

One of the plaintiff-appellants' contentions merits further discussion. The Singhs make much of the fact that the district court referenced *Villareal*

_____

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 24-60644

*v. City of Laredo*, 94 F.4th 374, 398 (5th Cir. 2024) (en banc), *cert. granted, judgment vacated, and remanded, Villareal v. Alaniz*, 145 S. Ct. 368 (2024), which the Supreme Court has since vacated. Regardless of the Supreme Court's decision, the district court reached the correct result. The Supreme Court in *Villareal* remanded to this court with instructions to reconsider the case in the light of *Gonzalez v. Trevino*, 602 U.S. 653, 658, 144 S. Ct. 1663, 1667 (2024). *Gonzalez* determined that where, as here, plaintiffs must present comparator evidence about the treatment of similarly situated people, they need not show examples of people in "virtually identical" circumstances who received different treatment. *Gonzalez*, 602 U.S. at 658, 144 S. Ct. at 1667. But while *Gonzalez* lowered the bar for the type of comparator evidence plaintiffs must present, it did not eliminate the requirement altogether. Because the Singhs do not point to any evidence of unequal treatment, they fail to satisfy even the less stringent standard established by *Villareal* and *Gonzalez*.[1] The district court's conclusion that the Singhs' claim fails because they "ha[ve] not provided one example of another individual who was treated differently than them" remains valid in the wake of the Supreme Court's decision.

Moreover, even if the district court reached the incorrect conclusion about the strength of the plaintiffs' comparator evidence, qualified immunity

---

[1] Nor is their argument that the city targeted them alone sufficient to show unequal treatment, because the record does not adequately support the Singhs' contention. The video evidence of the City's spraying only captures the portion of the road in front of the Singhs' property, so it reveals nothing about whether further spraying happened at other properties on the road. Furthermore, that the property adjacent to theirs suffered no visible damage from herbicides does not foreclose the possibility that it or other properties were sprayed. Thus, the Singhs have failed to demonstrate that they were singled out or targeted with herbicide spraying.

No. 24-60644

shields the individual defendants and the absence of a pattern or practice giving rise to a violation prevents municipal liability.

Finding no reversible error, we AFFIRM.